UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BAKHTIYOR KHABIBOV,

    Petitioner,

v.

OSCAR AVILES,

    Respondent.

Civ. No. 15-1298 (KM)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The petitioner, Bakhtiyor Khabibov, is an immigration detainee at the Hudson County Correctional Center in Kearny, New Jersey. He is proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his current immigration detention. For the following reasons, the habeas petition will be denied without prejudice.

## II. BACKGROUND

Mr. Khabibov is a citizen of Uzbekistan who was admitted to the United States in 2013 with permission to remain until March 2, 2014. In February 2014, Mr. Khabibov filed an application for asylum and for withholding of removal. He was interviewed on his asylum application on April 10, 2014.[1] On June 30, 2014, Mr. Khabibov was ordered to appear at the offices of the Department of Homeland Security ("DHS"). At that time, he was detained by immigration officials without bond.

Mr. Khabibov then requested a bond redetermination before an Immigration Judge ("IJ"). On July 30, 2014, an IJ held a bond hearing. On August 21, 2014, the IJ denied bond to Mr.

---

[1] Mr. Khabibov now admits to making false statements on his original via application, and states that the factual statements underlying his original asylum application were fabricated by his then-attorney.

Khabibov. On October 16, 2014, the Board of Immigration Appeals ("BIA") affirmed the IJ's denial of bond.

Mr. Khabibov filed this habeas petition in February 2015. He primarily contests the IJ and BIA's denial of bond while his current applications for asylum and withholding of removal are being considered. He states that he has presented a prima facie case. He stresses that he is not a flight risk, does not endanger the community, and does not pose a threat to national security.

Mr. Khabibov requests that the Court declare his ongoing immigration detention without bond to be unconstitutional and contrary to law, and that it direct respondent to release petitioner, or to provide him with a bond hearing.

### III. LEGAL STANDARD: IMMIGRATION DETENTION

The Attorney General has the authority to detain aliens during the "pre-removal" period, that is, while removal proceedings are ongoing but before the issuance of a final order of removal. Section 1226(a) of Title 8 of the United States Code permits the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General –
>
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on –
>     (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General;
>     (B) conditional parole; . . .

8 U.S.C. § 1226(a).

> "Except as provided in subsection (c)" is included because, under Section 1226(c), certain criminal aliens are subject to pre-removal detention that is mandatory:
>
>> The Attorney General shall take into custody any alien who --
>>
>> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(a)(ii), (A)(iii), (B), (C), or (D) of this title,
>> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year, or
>> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is release on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

## IV. DISCUSSION

### A. Motion to Seal Respondent's Answer

Respondent has initially sought to file its answer under seal. Respondent claims that the disclosure of information contained in or pertaining to any asylum shall not be disclosed under 8 C.F.R. § 208.6. That regulation states as follows:

> Information contained in or pertaining to any asylum application, records pertaining to any credible fear determination conducted pursuant to § 208.30, and records pertaining to any reasonable fear determination conducted pursuant to § 208.31, shall not be disclosed without the written consent of the applicant, except as permitted by this section or at the discretion of the Attorney General.

8 C.F.R. § 208.6(a). Mr. Khabibov, however, has waived his right to confidentiality. (*See* Dkt. No. 8-1.) Therefore the motion to seal will be denied.

B. <u>Non-applicability of *Zadvydas*</u>

Mr. Khabibov cites *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Zadvydas*, however, interprets 8 U.S.C. §1231(a)(6), which does not apply in the current, pre-removal procedural posture.

Section 1231(a)(6) provides as follows:

> An alien ordered removed who is inadmissible under Section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period, and if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. §1231(a)(6). *Zadvydas* holds that Section 1231(a)(6) "limits an alien's *post*-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689 (emphasis added). Six months is a presumptively reasonable period of *post*-removal detention under Section 1231(a)(6). See *Zadvydas*, 533 U.S. at 701.

Mr. Khabibov, however, is not in post-removal detention. He has not yet been subjected to an order of removal, and his immigration proceedings are ongoing. Thus he is still in *pre*-removal immigration detention. Accordingly, his invocation of *Zadvydas* is incorrect, or at least premature.

Pre-removal detention is governed by separate standards. In *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), for example, the United States Court of Appeals for the Third Circuit held that *mandatory* pre-removal detention under Section 1226(c) may extend to the point that "the Government must justify its continued authority to detain him at a hearing at which it bears the burden of proof." *Id.* at 235.

Mr. Khabibov, however, has been detained under the discretionary regime of Section 1226(a). He was required to, and did, receive a full hearing on the question of release on bond. Bond was denied, as was his appeal, and he has not moved for a bond redetermination at the administrative level, pursuant to 8 C.F.R. § 1003.19(e). *See Nepomueceno v. Holder*, No. 11-6825, 2012 WL 715266, at *4 (D.N.J. Mar. 5, 2012) (Martini, J.) (dismissing habeas petition of 1226(a) detainee who had received bond hearing).

A detainee stuck in pre-removal limbo for an indefinite period may be entitled to relief. There is authority recognizing the possibility of such relief, albeit in the course of denying it. *See Bulatov v. Hendricks*, No. 11-0845, 2012 WL 4753366, at *6-7 (D.N.J. Oct. 4, 2012) (Hochberg, J.) (denying relief as to 30-month detention) (citing *Contant v. Holder*, 352 F. App'x 692 (3d Cir.2009); *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008)). In *Contant,* the Third Circuit held that the alien petitioner's 19 month pre-removal-order detention was not "indefinite," because a decision on his removal appeared reasonably foreseeable and there was no indication that he could not be removed to his country of origin. In *Prieto-Romero*, the petitioner had been detained for three years. The Ninth Circuit nevertheless found that the petitioner's detention was not "indefinite," because a petition for review of the administrative order of removal was pending, and there was no indication that the petitioner could not be repatriated to his country of origin if he was ordered removed.

Mr. Khabibov has been in immigration detention since June 30, 2014—approximately eleven months as of this writing. He was taken into custody, moreover, after filing a visa application that was partially fraudulent, and an asylum application that he now admits was almost wholly fabricated (although he says that his prior attorney was to blame for it). He has had the benefit of a full hearing on the issue of bond. He has shed no light on the reasons for the

5

time occupied thus far in resolving his removal petition. He does state, however, that his "immigration hearing," scheduled for May 8, 2015, has now been rescheduled to August 20, 2015. (ECF 9) No reason is given.

An eleven-month delay is considerably shorter than the periods found *not* sufficient to warrant relief in the cases cited above. An additional delay through August 20, 2015, would bring the total to just under fourteen months, still well within that range. Mr. Khabibov has proffered no facts to suggest that resolution of the removal issue will be delayed indefinitely, or that he is stuck in a procedural limbo. To the extent that the habeas petition intends to allege that the pre-removal detention has been impermissibly protracted, it is denied. That denial, however, is without prejudice to another application, should Mr. Khabibov's pre-removal detention continue for a substantial period of time beyond August 20, 2015, without substantial justification.

D. Review of Bond Decision

Looked at another way, Mr. Khabibov's habeas petition challenges the IJ's denial of bond. He asserts that the IJ denied bond arbitrarily and capriciously and that the BIA simply rubberstamped that decision. However, this Court does not have the power to second-guess the substance of a discretionary bond determination of the IJ. *See* 8 U.S.C. § 1226(e); *Reeves v. Johnson*, No. 15-1962, 2015 WL 1383942, at *3 (D.N.J. Mar. 24, 2015) (Chesler, J.) ("The present petition might be liberally construed as containing a claim that the IJ erred in finding Petitioner to be a flight risk because he has been a law-abiding citizen for many years after his criminal conviction. This Court, however, does not have jurisdiction over discretionary agency decisions.") (citing *Pisciotta v. Ashcroft*, 311 F. Supp. 2d 445, 454 (D.N.J. 2004) (Greenaway, J.)); *see also Morrison v. Elwood*, No. 12-4649, 2013 WL 323340, at *3 (D.N.J. Jan. 28, 2013)

(Sheridan, J.); or my own decision in *Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) ("If [the detainee] requests, but is wrongfully denied, a bond hearing, he may ask this Court to order that such a hearing be held. After a bona fide bond hearing, the immigration judge might grant, or deny, release on bond. I would not have the power to overrule such a denial of release after a bona fide hearing.") (footnote omitted).

Mr. Khabibov alludes generally to *Mathews v. Eldridge*, 424 U.S. 319 (1976), a case pertaining to due process in connection with Social Security benefits. His argument, however, is clearly directed to the substance of the IJ's and BIA's decision on bond. He contends that the denial of bond was arbitrary and erroneous, and argues that the agency should have decided certain factual issues differently. (*See* "Petition for Writ of Habeas Corpus and/or Writ of Mandamus," ECF No. 1-1 at pp. 13–21.) In his reply, he attempts to repackage these contentions as a claim that he was denied a true, or fair, hearing, but all of his arguments are directed to the substance of the decision.

Mr. Khabibov has received all of the process that is due. As explained above, this Court will not second-guess the substance of the agency's decision to deny bond. Habeas relief on this issue is not warranted.

C. Request for Bond Hearing

In the alternative, Mr. Khabibov requests that this Court order a bond hearing. The Court may do so where a bond hearing was conducted unlawfully, or where the petitioner has erroneously been denied a hearing. *See Harris*, 2013 WL 3884191, at *1 (noting that petitioner has the right to ask District Court that a bond hearing be held, but that Court does not have power to overrule denial of release after bona fide hearing); *Morrison*, 2013 WL 323340, at

*3 (noting that petitioner may be able to seek habeas relief from court in the form of ordering a curative bond hearing).

As previously stated, however, Mr. Khabibov has already had a bond hearing before the IJ and appealed that decision to the BIA. Furthermore, the regulations provide that Mr. Khabibov may seek a bond redetermination from the IJ. *See* 8 C.F.R. § 1003.19(e) ("After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination."). *Contant v. Holder*, 352 F. App'x 692 (3d Cir. 2009) (per curiam), explains:

> Unlike the mandatory detention statute at issue in [*Demore v.*] *Kim*, [538 U.S. 510 (2003),] § 1226(a) provides for individualized detention determinations. Aliens detained pursuant to § 1226(a) may be released if they demonstrate they would not pose a danger to property or persons and they are likely to appear for any future proceedings. 8 C.F.R. § 236.1(c)(8). The alien may request a bond redetermination hearing before an IJ. 8 C.F.R. § 236(d)(1). An IJ may grant an alien's request for bond redetermination where the alien has shown that his "circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). The alien may appeal the IJ's bond decision to the BIA. 8 C.F.R. § 236.1(d)(3).

*Id.* at 695.

The record does not indicate, nor does Mr. Khabibov state, that he has ever sought a bond redetermination pursuant to 8 C.F.R. § 1003.19(e). Mr. Khabibov has not established that there is any substantial reason to hold a second bond hearing. But even if there were, the proper procedure would be to seek a redetermination from the IJ. *Accord Arciaga v. Asher*, No. 14-1659, 2015 WL 500189, at *3 (W.D. Wash. Jan. 23, 2015) (noting that petitioner who is detained under § 1226(a) and did not request another bond redetermination hearing under 8 C.F.R. § 1003.19(e) failed to show a due process violation); *Gillis v. Decker*, No. 13-0172, 2013 WL

4718913, at *3-4 (M.D. Pa. Sept. 3, 2013) (dismissing habeas petition without prejudice where petitioner failed to file subsequent bond request as per 8 C.F.R. § 1003.19 as he still had remedies available to challenge his continued detention before having court consider his habeas petition); *Mutebi v. Mukasey*, No. 07-2654, 2008 WL 4297035, at *6 (D. Colo. Sept. 11, 2008) ("The record contains no indication that Applicant has exhausted his administrative remedies by requesting a bond redetermination . . . . Accordingly, even assuming that the Court had jurisdiction to review Applicant's custody status pursuant to § 1226(a), Applicant is required to exhaust his administrative remedies by filing an application for redetermination of his bond status with the immigration court, and by appealing any unsatisfactory decision to the BIA).

Mr. Khabibov received an initial bond determination by the IJ and appealed that decision to the BIA. Nothing in the record suggests that he sought or was prevented from seeking a bond redetermination under 8 C.F.R. § 1003.19(e). Therefore, the Court will not order a new bond hearing for Mr. Khabibov at this time and the habeas petition will be dismissed without prejudice.

D. Motion to Expedite

Mr. Khabibov has filed a motion to expedite the resolution of his petition for a writ of habeas corpus. That motion is denied as moot in light of this opinion and order.

V.   CONCLUSION

For the foregoing reasons, respondent's motion to seal the answer will be denied. Mr. Khabibov's motion to expedite will also be denied. The habeas petition will be denied without prejudice. An appropriate order will be entered.

DATED: June 2, 2015

_____
KEVIN MCNULTY
United States District Judge

9